BLD-261                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3796
_____

RICHARD ULRICH,
Appellant

v.

GOVERNOR OF PENNSYLVANIA;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT BENNER SCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01025)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 2, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: July 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Richard Ulrich appeals the District Court's order dismissing his civil rights lawsuit. We will affirm.

Ulrich filed suit against the Governor of Pennsylvania, the Secretary of the Pennsylvania Department of Corrections, the Superintendent of Benner State Correctional Institution, where Ulrich is an inmate, and M.E. Eakin—a correctional officer at the prison. Construed liberally, see Haines v. Kishner, 404 U.S. 519, 520 (1972), the complaint alleged that, in carrying out executions, the Commonwealth of Pennsylvania was using Pentobarbital in lethal injections in violation 61 Pa. Cons. Stat. § 4304; prison food and commissary items were laced with sodium pentothal; and that Defendant Eakin "torture[d] plaintiff's mind," monitored him via "devices and sensors" and discouraged him from speaking out about the use of sodium pentothal. The complaint requested declaratory relief, compensatory and punitive damages, and preliminary injunctions enjoining the defendants from, inter alia, putting sodium pentothal in the prison's food and commissary items and communicating with Ulrich. The District Court dismissed Ulrich's complaint pursuant to the Court's screening obligations under 28 U.S.C. § 1915A. Ulrich appealed.

We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 121 n.1 (3d Cir. 2001). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court correctly determined that Ulrich lacks standing to challenge the method by which the Commonwealth of Pennsylvania implements the death penalty. Although Ulrich alleged that the use of Pentobarbital in lethal injections will "subject him to a very painful and burning execution," he is serving a twelve to twenty-four year prison sentence; he has not been sentenced to the death penalty. To establish Article III standing, a plaintiff must allege that he suffers an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010). The injury must be "certainly impending"; allegations of possible future injury are insufficient. Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013). Accordingly, Ulrich lacks standing to bring this challenge.

In addition, Ulrich's complaint failed to satisfy Federal Rule of Civil Procedure 8(a)(2) regarding his claim that defendants "used" sodium pentothal in the prison's food and commissary items. Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Although "detailed factual allegations" are not required, there must be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007). The Supreme Court went on to explain that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556

3

U.S. 662, 678 (2009).  The Court observed that "[d]etermining whether a complaint states a plausible claim to relief will . . . be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

Here, Ulrich presented no more than the threadbare allegation that the "use of sodium pentothal on [him]" violated various constitutional rights.  Although his complaint described, in detail, the symptoms he attributed to consuming sodium pentothal, his general allegations that the defendants "used" sodium pentothal lacks the requisite specificity to allow this Court to draw the reasonable inference that the defendants are liable for the misconduct alleged.  See Iqbal, 556 U.S. at 678.  Moreover, Ulrich's conclusory allegations are not entitled to assumptions of truth.  See Twombly, 550 U.S. at 557 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

Likewise, with respect to his claims against M.E. Eakin, Ulrich presented no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  See Iqbal, 556 U.S. at 678.  Ulrich alleged that Defendant Eakin violated his constitutional rights by "sit[ting] and watch[ing] [him] through monitoring devices and sensors" and "tortur[ing] [his] mind and then reward[ing] him with vivid images (sexual in nature) of their bodies (sic) to release the anger inside of him."  The complaint also stated: "Eakin's statement, 'you will lose,' was to instill fear and paranoia into [Ulrich] while eating, knowing that sodium pentothal was in the food hindered (sic) to petition government for redress and freedom of speech quiet plaintiff about speaking

4

out . . . and constituted cruel and unusual punishment and interfering with freedom of speech" that caused "emotional distress, pain and suffering, and the long term effects due to the use of sodium pentothal for torturing, science purposes and psychotherapy." These conclusory allegations are insufficient to state a claim and are not entitled to any assumption of truth. See Twombly, 550 U.S. at 557. Accordingly, we will affirm the District Court's dismissal of Ulrich's complaint, and we agree with the District Court's determination that any amendment would be futile.[1] Because Ulrich's appeal lacks any arguable merit, we deny his request for counsel.

---

[1] The District Court did not err in denying Ulrich's request for a preliminary injunction. Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." With regard to Ulrich's request to enjoin the defendants from using Pentobarbital in lethal injections, and from threatening or retaliating against Ulrich using sodium pentothal, Ulrich has failed to demonstrate the likelihood of success on the merits. This failure alone establishes that he is not entitled to a preliminary injunction. To the extent Ulrich asks this Court to issue the same preliminary injunction, that request is denied.